IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTURO GARCIA, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| DOERING LANDSCAPE COMPANY and RICK H. DOERING, individually, | ) Judge ) ) Magistrate Judge |
| Defendants | ) |

## CLASS ACTION COMPLAINT

Plaintiff Arturo Garcia, on behalf of himself and all other similarly situated individuals, known and unknown, through his attorneys, against Doering Landscape Company and Rick H. Doering, individually, (collectively "Defendants") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for: (1) Defendants' failure to pay Plaintiff and other similarly situated employees their regular rate for all time worked and overtime wages for all compensable time in excess of forty (40) hours in individual work weeks in violation of the FLSA and IMWL; and (2) Defendants' unlawful deductions made from Plaintiff and other similarly situated employees' weekly wages without proper authorization as required by the IWPCA.

1

2. Plaintiff's consent to represent other similarly situated laborers for purposes of the overtime claim arising under the FLSA is attached as Exhibit A.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district as Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**Plaintiff**

5. At all relevant times, Plaintiff has resided in and has been domiciled in the State of Illinois and within this judicial district.

6. At all relevant times, Plaintiff has been Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.* and the IWPCA, 820 ILCS 115/1, *et seq.*

**Defendants**

7. Within the relevant time period, Defendant Doering Landscape Company ("Doering Landscape Co."):

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has had its principal place of business at 22345 N. Kelsey Road, Lake Barrington, Illinois, within this judicial district;

    c. has conducted business in Illinois and within this judicial district;

    d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

8. During the relevant time period, Defendant Rick H. Doering:

    a. has been the owner or operator of Doering Landscape Co.;

    b. has, among other things, had the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and scheduling and capital expenditures; and

    c. has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

### IV. FACTUAL BACKGROUND

9. Defendant Doering Landscape Co. is a corporation specializing in landscaping.

10. Defendant Rick H. Doering is the owner or operator of Doering Landscape Co.

11. Plaintiff has worked as a landscaper for Defendants from 2011 to present.

12. During the course of his employment, Plaintiff has performed lawn maintenance, driven Defendants' equipment and employees, loaded and unloaded Defendants' equipment on Defendants' vehicles and performed other support work for Defendants' business.

13. Plaintiff is paid $16.50 per hour by Defendants for his work.

14. Plaintiff and other similarly situated employees of Defendants are and, at all relevant times, have been required to report to the Defendants' shop to assist in loading the company trucks and to receive assignments and instructions for the day.

15. At the end of the day, Plaintiff and other similarly situated employees of Defendants are and, at all relevant times, have been required to return to the Defendants' shop to assist in unloading the company trucks and clean the equipment.

16. Plaintiffs and other similarly situated employees were not compensated for all compensable time from the time they arrived at the shop in the morning to the time they returned to the shop as described above.

17. In weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, Defendants' failed to compensate them for all compensable hours at their regular rate of pay.

18. In weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, Defendants' failure to compensate them for all compensable hours resulted in a failure by Defendants to pay its employees overtime compensation at the rate of one and a half times each employees' regular rate of pay.

19. Plaintiff and other similarly situated employees were required to wear uniforms while working for Defendants.

20. Defendants deducted the cost of the uniforms from the weekly wages of Plaintiff and other similarly situated employee.

21. The deductions from the weekly wages from Plaintiff and other similarly situated employee were made without the employee's express written consent, freely given at the time of the deduction.

## V. CLASS ACTION ALLEGATIONS

22. Plaintiff will seek to certify this case both as a collective action as to the overtime claim arising under the FLSA (Count I) and as a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law overtime claim (Count II) arising under the IMWL, and his state law unlawful deduction claim arising under the IWPCA (Count III).

23. The class that Plaintiff seeks to represent with regard to his IMWL overtime claim (Count II) is defined as: "Plaintiff and all other similarly situated employees of Doering Landscape Co. and Rick H. Doering not exempt from the overtime provisions of the IMWL from May 9, 2015 up to and including the date of judgment."

24. The class that Plaintiff seeks to represent with regard to his IWPCA unlawful deduction claim (Count III) is defined as: "Plaintiff and all other similarly situated employees of Doering Landscape Co. and Rick H. Doering who had deductions made from their wages for the cost of uniforms from May 9, 2008 up to and including the date of judgment."

25. Counts II and III are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable:

   b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed more than 100 individuals in the IMWL Overtime Class during the class period and in the IWPCA Unlawful Deduction class period;

   c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

       i. Whether time Plaintiff and other similarly situated employees spent at Defendants' shop at the beginning and end of each work

5

        day and time spent traveling to and from the first and last work site was compensable;

    ii.    Whether Defendants otherwise compensated Plaintiff and the IMWL Class for all time worked at their regular rate in each work week in which they worked in excess of forty (40) hours;

    iii.    Whether Defendants compensated Plaintiff and the IMWL Overtime Class overtime wages for all compensable time over forty (40) hours in individual work weeks;

    iv.    Whether Defendants made deductions from the wages of Plaintiff and the IWPCA Uniform Deduction Class for uniforms; and

    v.    Whether Defendants obtained Plaintiff and the IWPCA Uniform Deduction Class' express written consent for such uniform deductions freely given at the time the deduction was made.

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating wage and hour and other employment class actions;

e. The class representative and the members of the class have been equally affected by Defendants' failure to pay overtime wages for all compensable time in excess of forty (40) hours in individual work weeks;

f. The class representative and the members of the class have been equally affected by Defendants' deductions from pay for uniforms;

g. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

26. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**"Gap Time" and Overtime Wages**
*Section 216(b) Collective Action*

27. Plaintiffs incorporate and re-allege paragraphs 1 through 26 of this Complaint as though set forth herein.

28. The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay non-exempt employees for all hours worked at their regular rate of pay in individual work weeks in which they work in excess of forty (40) hours and to pay them overtime wages for all time worked in excess of forty (40) hours in such work weeks.

29. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff and other similarly situated employees to work without compensation as described more fully in ¶¶ 14 – 18, *supra*, by, *inter alia*:

   a. requiring them to report to Defendants' shop to receive assignments and work instructions for the work day and to assist in loading Defendants' vehicles with equipment required to perform the Defendants' work;

   b. requiring them to return to the shop at the end of the work day to assist in unloading the Defendants' vehicles; and

   c. otherwise not compensating them for compensable work time.

30. Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

31. In individual work weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at their regular rate of pay for all time worked.

7

32. Defendants' failure to compensate Plaintiff and other similarly situated employees at their regular rate of pay for all time worked in individual workweeks in which they worked in excess of forty (40) hours violated the FLSA.

33. In individual work weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours.

34. Defendants' failure to compensate Plaintiff and other similarly situated employees at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the FLSA.

35. Plaintiff and other similarly situated employees are entitled to recover unpaid wages and overtime wages as described herein for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid regular wages for all the time Plaintiff and similarly situated employees worked in individual work weeks in which they worked in excess of forty (40) hours for Defendants;

C. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;

D. Liquidated damages in the amount equal to the unpaid wages;

E. That the Court declare the Defendants violated the FLSA;

    F. That the Court enjoin the Defendants from continuing to violate the FLSA;

    G. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    H. Such other further relief this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**"Gap Time" and Overtime Wages**
*Class Action*

36. Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint as though set forth herein.

37. The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay non-exempt employees for all hours worked at their regular rate of pay in individual work weeks in which they work in excess of forty (40) hours and to pay them overtime wages for all time worked in excess of forty (40) hours in such work weeks.

38. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiffs and other similarly situated employees to work without compensation as described more fully in ¶¶ 14 – 18, *supra*, by, *inter alia*:

    a. requiring them to report to Defendants' shop to receive assignments and work instructions for the work day and to assist in loading Defendants' vehicles with equipment required to perform the Defendants' work;

    b. requiring them to return to the shop at the end of the work day to assist in unloading the Defendants' vehicles; and

    c. otherwise not compensating them for compensable work time.

39. Plaintiffs and other similarly situated employees were not exempt from the overtime provisions of the IMWL.

40. In individual work weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at their regular rate of pay for all time worked.

41. Defendants' failure to compensate Plaintiff and other similarly situated employees at their regular rate of pay for all time worked in individual workweeks in which they worked in excess of forty (40) hours violated the IMWL.

42. In individual work weeks in which Plaintiff and other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours.

43. Defendants' failure to compensate Plaintiff and other similarly situated employees at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the IMWL.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

    A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B. A judgment in the amount of unpaid regular wages for all the time Plaintiff and similarly situated employees worked in individual work weeks in which they worked in excess of forty (40) hours for Defendants;

    C. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;

    D. Liquidated damages in the amount equal to the unpaid wages;

    E. That the Court declare the Defendants violated the IMWL;

F. That the Court enjoin the Defendants from continuing to violate the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other further relief this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### Unauthorized Uniform Deductions
*Class Action*

44. Plaintiffs incorporate and re-allege paragraphs 1 through 43 of this Complaint as though set forth herein.

45. The matters set forth in this Count arise from Defendants' violation of the IWPCA for deducting the cost of uniforms from Plaintiff and other similarly situated employees' weekly wages without express written consent, freely given at the time of the deduction as described in more detail in ¶¶ 19 – 21, *supra*.

46. In the ten years prior to the filing of this claim the Plaintiff and similarly situated employees had deductions made from their weekly wages for the purpose of paying for uniforms required by the Defendants.

47. In the ten years prior to filing this claim the Plaintiff and similarly situated employees had this money deducted from their paychecks without express written consent, freely given at the time of the deduction.

48. The deduction for uniforms was not

   a. required by law;

   b. to the benefit of the employee; or

   c. in response to a valid wage assignment or wage deduction order.

49. The deductions made from Plaintiff and other similarly situated employees' earned wages for the costs of uniforms required by the employer violated the IWPCA.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

    A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B. A judgment in the amount of all money deducted from the compensation of Plaintiff and similarly situated employees for uniforms in individual workweeks by Defendants;

    C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

    D. That the Court declare the Defendants violated the IWPCA;

    E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

    F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    G. Such other further relief this Court deems appropriate and just.

Respectfully submitted on behalf of Arturo Garcia,

Dated: May 9, 2018

*/s/Christopher J. Williams*
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604

Neil Kelley (ARDC #6306308)
FARMWORKER & LANDSCAPER ADVOCACY PROJECT
33 North LaSalle Street Suite 900
Chicago, Illinois 60604

Attorneys for Plaintiffs